**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND,<br>CENTRAL LABORERS' WELFARE FUND,<br>CENTRAL LABORERS' ANNUITY FUND,<br>NORTHERN ILLINOIS & IOWA LABORERS'<br>  HEALTH & WELFARE FUND,<br>NORTH CENTRAL ILLINOIS LABORERS'<br>  HEALTH AND WELFARE FUND,<br>NORTHERN ILLINOIS LABORERS' ANNUITY FUND,<br>ILLINOIS LABORERS AND CONTRACTORS JOINT<br>  APPRENTICESHIP & TRAINING TRUST FUND,<br>MARKET PRESERVATION FUND,<br>MARKET PROMOTION FUND,<br>MIDWEST REGION ORGANIZATION COMMITTEE,<br>MIDWEST REGION FOUNDATION FOR FAIR CONTRACTING,<br>CENTRAL ILLINOIS BUILDERS' INDUSTRY ADVANCEMENT<br>  FOUNDATION,<br>ILLINOIS LABORERS' LEGISLATIVE COMMITTEE,<br>and the GREAT PLAINS LABORERS' DISTRICT COUNCIL<br>  WORKING DUES CHECK OFF FUND,<br><br>                Plaintiffs,<br><br>  v.<br><br>M2 CONSTRUCTION, INC.,<br>an Illinois corporation, and<br>RAMON CALDERON,<br>  a/k/a RAY CALDERON, individually,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **23-Cv-4420**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Plaintiffs Central Laborers' Pension Fund, *et al*. (collectively "Plaintiff Funds"), by their

attorneys, complain against Defendants M2 CONSTRUCTION, INC. and RAMON CALDERON,

a/k/a RAY CALDERON, as follows:

**COUNT I**
against
M2 CONSTRUCTION, INC.
(*Claim under ERISA for a payroll compliance audit*)

1.      This action arises under the Employee Retirement Income Security Act of 1974, as

amended, 29 U.S.C. §§ 1132, 1145 ("ERISA"); the Labor Management Relations Act, as amended,

29 U.S.C. § 185(a) ("LMRA"); 28 U.S.C. § 1331; and federal common law.

2.     Plaintiff Funds are multiemployer pension funds, welfare funds, apprentice funds, labor-management committees, and related funds established pursuant to collective bargaining agreements between, on the one hand, the Laborers International Union of North America (the "Union") and local unions and district councils affiliated with the Union, and, on the other hand, certain employers and employer associations.  The Union and its affiliated local unions and district councils are labor organizations within the meaning of the LMRA, 29 U.S.C. § 152(5), representing employees in an industry affecting commerce as defined by the LMRA, 29 U.S.C. § 185(a).

3.     Plaintiff Funds receive fringe benefit contributions and dues payments from certain employers pursuant to collective bargaining agreements between, on the one hand, the Union and district councils and local unions affiliated with the Union, and, on the other hand, certain employer associations and employers, all on behalf of employees covered by the collective bargaining agreements.  The Plaintiff Funds' right to receive fringe benefit contributions and dues payments also arises pursuant to participation agreements between the Plaintiff Funds and employers.

4.     Plaintiff Central Laborers' Pension Fund is the authorized collection agents for the other Plaintiff Funds with respect to fringe benefit contributions and dues payments.

5.     M2 CONSTRUCTION, INC. is an Illinois corporation doing business in (and with its principle place of business in) the Northern District of Illinois.  Venue in this district is proper under ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b).  M2 CONSTRUCTION, INC. is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

6.     M2 CONSTRUCTION, INC. became a party to and bound by collective bargaining agreements with the Union (and/or one or more district councils and local unions affiliated with the Union) by virtue of its execution of one or more memorandum of agreement or other collective bargaining agreements.  Copies of signature pages of such collective bargaining agreements are

2

attached as *Exhibit A*. No party has terminated the collective bargaining agreements and they remain in effect.

7. By virtue of certain provisions contained in the collective bargaining agreement(s), M2 CONSTRUCTION, INC. became a party to and bound by the Plaintiff Funds' trust agreements.

8. M2 CONSTRUCTION, INC. became a party to and bound by one or more participation agreements with the Plaintiff Funds.

9. By virtue of certain provisions contained in the participation agreement(s), M2 CONSTRUCTION, INC. became a party to and bound by the Plaintiff Funds' trust agreements.

10. M2 CONSTRUCTION, INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by virtue of its signing and submitting (and certain provisions contained in) employer contribution report forms to the Plaintiff Funds.

11. M2 CONSTRUCTION, INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by virtue of its withholding of (some but not all) payroll deductions and dues consistent with the collective bargaining agreements, participation agreements, and trust agreements.

12. M2 CONSTRUCTION, INC. became a party to and bound by the collective bargaining agreements, participation agreements, and trust agreements by making (some but not all) employee fringe benefit contributions and dues payments to the Plaintiff Funds.

13. Under the terms of the collective bargaining agreements, participation agreements, and trust agreements, M2 CONSTRUCTION, INC. is required to make fringe benefit contributions and dues payments to the Plaintiff Funds on behalf of employees performing work covered by the collective bargaining agreement; the contributions and dues are required to be at the hourly rates indicated in the collective bargaining agreement and participation agreements. Under the terms of

the agreements, M2 CONSTRUCTION, INC. is also required to submit monthly remittance reports identifying, among other things, the employees covered under the collective bargaining agreement and the amount of contributions and dues to be remitted on behalf of each covered employee.

14.     Upon information and belief, M2 CONSTRUCTION, INC. has failed to make some of the contributions from time to time required to be paid by it to the Plaintiff Funds pursuant to the terms of the collective bargaining agreement, participation agreement and trust agreements to which it is bound, all in violation of its contractual and statutory obligations.

15.     Pursuant to the collective bargaining agreements, participation agreements, trust agreements, and ERISA, M2 CONSTRUCTION, INC. is required to provide access to such records as are necessary for Plaintiff Funds to determine whether there has been compliance with obligations to contribute to the Plaintiff Funds.

16.     M2 CONSTRUCTION, INC. has failed and refused to provide access to such records as are necessary for the Plaintiff Funds to determine whether there has been compliance with obligations to contribute to the Plaintiff Funds.

17.     Plaintiffs have been required to employ the undersigned attorneys to compel the audit of the books and records of M2 CONSTRUCTION, INC.

WHEREFORE, Plaintiffs respectfully request that this Court:

A.      Enter judgment against M2 CONSTRUCTION, INC. in favor of Plaintiffs.

B.      Order M2 CONSTRUCTION, INC. to provide access to its records so that an audit can be performed to determine whether it has complied with contribution requirements.

C.      Order M2 CONSTRUCTION, INC. to pay all fringe benefit contributions and assessment penalties that may be shown to be due after an audit.

D.      Order M2 CONSTRUCTION, INC. to pay auditors' fees to Plaintiffs.

E.      Order M2 CONSTRUCTION, INC. to pay interest, costs, and reasonable auditors'
and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

F.      Order M2 CONSTRUCTION, INC. to perform and continue to perform all other
obligations it has undertaken with respect to Plaintiffs.

G.      Grant Plaintiffs such other and further relief as may be just.

## <u>COUNT  II</u>
### Against RAMON CALDERON, a/k/a RAY CALDERON

1. - 17.          Plaintiffs reallege paragraphs 1 - 17 of Count I.

18.     This Count arises from a common nucleus of operative facts with Count I and is
pendent to that count.

### Assumption of Liability / Sole Proprietorship

19.     M2 CONSTRUCTION, INC. was administratively dissolved by the Illinois
Secretary of State on or about February 11, 2022.

20.     Upon information and belief, upon the dissolution of M2 CONSTRUCTION, INC.,
and subsequently, RAMON CALDERON, a/k/a RAY CALDERON conducted business under the
name of "M2 CONSTRUCTION, INC.", becoming personally liable for the obligations and debts
of the dissolved corporation and incurring liability for debts incurred by his business.

### Successor Employer Liability

21.     Upon information and belief, upon the dissolution of M2 CONSTRUCTION, INC.,
and subsequently, RAMON CALDERON, a/k/a RAY CALDERON conducted business under the
name of "M2 CONSTRUCTION, INC.", using the physical assets, intangible assets of M2
CONSTRUCTION, INC., and generally using the same workforce and servicing the same or similar
customers as M2 CONSTRUCTION, INC., becoming the successor employer of, becoming

personally liable for the obligations and debts of, the dissolved corporation and incurring liability for debts incurred by his business.

WHEREFORE, Plaintiffs respectfully request that this Court:

A.      Enter judgment against RAMON CALDERON, a/k/a RAY CALDERON in favor of Plaintiffs.

B.      Order RAMON CALDERON, a/k/a RAY CALDERON to provide access to his own and to M2 CONSTRUCTION, INC.'s records so that an audit can be performed to determine whether the sole proprietorship and the company have complied with contribution requirements.

C.      Order RAMON CALDERON, a/k/a RAY CALDERON to pay all fringe benefit contributions and assessment penalties that may be shown to be due after an audit.

D.      Order RAMON CALDERON, a/k/a RAY CALDERON to pay auditors' fees to Plaintiffs.

E.      Order RAMON CALDERON, a/k/a RAY CALDERON to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

F.      Order RAMON CALDERON, a/k/a RAY CALDERON to cause his sole proprietorship and M2 CONSTRUCTION, INC. to perform and continue to perform all other obligations they have undertaken with respect to Plaintiffs.

G.      Grant Plaintiffs such other and further relief as may be just.


**COUNT III**
Against RAMON CALDERON, a/k/a RAY CALDERON

1. - 17.      Plaintiffs reallege paragraphs 1 - 17 of Count I.

18.      This Count arises from a common nucleus of operative facts with Count I and is pendent to that count.

<u>Breach of Contract / Trust Agreements</u>

19.     Upon information and belief, RAMON CALDERON, a/k/a RAY CALDERON is the president, secretary, chief executive officer, chief financial officer, and chief operating officer of M2 CONSTRUCTION, INC. and is in control of the corporation.  Further, upon information and belief, RAMON CALDERON, a/k/a RAY CALDERON is a director of M2 CONSTRUCTION, INC.

20.     Pursuant to the collective bargaining agreements, participation agreements, and trust agreements to which M2 CONSTRUCTION, INC. agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer shall be personally liable for any underpayment or other pecuniary loss to the Plaintiff Funds as a result of such conduct.

<u>Piercing the Corporate Veil</u>

21.     There is a unity of interest and ownership between M2 CONSTRUCTION, INC. and RAMON CALDERON, a/k/a RAY CALDERON such that the separate personalities of the corporation and the individual no longer exist, and adherence to the fiction of a separate corporate existence would sanction a fraud, promote injustice, and promote inequitable consequences, making RAMON CALDERON personally liable for the money owed to the Plaintiff Funds by M2 CONSTRUCTION, INC.

WHEREFORE, Plaintiffs respectfully request that this Court:

A.     Enter judgment against RAMON CALDERON, a/k/a RAY CALDERON in favor of Plaintiffs.

B.     Order RAMON CALDERON, a/k/a RAY CALDERON to provide access to M2 CONSTRUCTION, INC.'s records so that an audit can be performed to determine whether the company has complied with contribution requirements.

C.       Order RAMON CALDERON, a/k/a RAY CALDERON to pay all fringe benefit contributions and assessment penalties that may be shown to be due after an audit.

D.       Order RAMON CALDERON, a/k/a RAY CALDERON to pay auditors' fees to Plaintiffs.

E.       Order RAMON CALDERON, a/k/a RAY CALDERON to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

F.       Order RAMON CALDERON, a/k/a RAY CALDERON to cause M2 CONSTRUCTION, INC. to perform and continue to perform all other obligations it has undertaken with respect to Plaintiffs.

G.       Grant Plaintiffs such other and further relief as may be just.


Respectfully submitted,

CENTRAL LABORERS' PENSION FUND, *et al*.

By:    /s/ *Richard A. Toth*
        One of their attorneys


DALEY AND GEORGES, LTD.
20 S. Clark St., Suite 400
Chicago, IL  60603-1903
(312) 726-8797

8

09/10/2015 08:27 FAX                                                        @0005/0005

15443

B

## MONEY FOLLOWS THE MAN ADDENDUM TO COLLECTIVE BARGAINING AGREEMENT

M2 Construction _____ shall make the following fringe benefit contributions for the employer's
(Employer Name)
employees to the Trust Funds and/or Local Unions designated by the employee as their Home Trust Fund, provided that
the Employee's Home Trust Fund(s) agree to accept the contributions. Contribution rates are determined and paid as
listed in the current wage addendum pursuant to the employees Home Trust Fund/Local Union.

1)   Pension

2)   Welfare

3)   Annuity

M2 Construction _____ agrees to pay all other and additional contributions and deductions not
(Employer Name)
set forth above, to the representative Trusts Funds and/or Local Unions in the amounts and rates set forth in the Local
Union/District Council Agreement where the work is performed.

The parties signatory hereto agree to indemnify the Central Laborers' Pension, Welfare and Annuity Funds', North Central
Illinois Laborers' Health & Welfare Fund, Northern Illinois Annuity Fund, Great Plains Laborers' Annuity Fund, Laborers'
Pension Fund, Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and
Vicinity, Fox Valley Laborers' Health and Welfare Fund, Fox Valley and Vicinity Laborers' Pension Fund and hold its
Trustees harmless for any action or inaction by the employer who has failed to comply by transmitting (or not transmitting)
the appropriate monies to a Home Trust Fund and/or Local Union. This Addendum shall be limited to the jurisdiction of
the Local Union signatory hereto.

M2 Construction
(Employer Name)

2646 W. Augusta
(Address)

_____
(Authorized Signature)

773·407-4852
(Phone)

Chicago, IL 60622
(City, State Zip)

8/26/15
(Date)

Great Plains Laborers' District Council

Chas H Slawski
(Authorized Signature)

Business Manager     10·29-07
(Title)                   (Date)

393
(Local Union)

Kevin Dale
(Authorized Signature)

Business Manager
(Title)

5/1/14
(Date)

Construction & General Laborers' District
Council Chicago and Vicinity

_____
(Authorized Signature)

Business Manager     11-1-10
(Title)                   (Date)

_____
(Local Union)

_____
(Authorized Signature)

_____
(Title)

_____
(Date)

RECEIVED
SEP 10 2015

EXHIBIT
A

09/10/2015 08:27 FAX @0004/0005



the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorney's fees and such other reasonable costs and charges as may be assessed by the Funds pursuant to the Trust Agreements and the applicable policies adopted by the Funds, including the cost of any and all payroll examinations. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions and other payments are due are subject to assessment of liquidated damages in the amount of 10% of the contributions and other payments or $25.00 minimum per remittance, to delay the increased administrative costs resulting from late payments.

10. **Designated Trustees.** The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the governing bodies of the Funds pursuant to the Trust Agreements as heretofore and/or hereafter amended.

11. **Tax Status.** It is agreed that the Funds which accept contributions that are a deduction for income tax purposes shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

12. **Copies of CBA's.** The Employer and/or Local Union/District Council agrees that it shall, upon request of the Funds, provide a signed copy of all CBA's to the Funds to which the Employer is a signatory.

13. **Effective Date.** Unless otherwise specifically agreed to by the Employer and Funds, this Agreement shall remain in effect until terminated. This Agreement shall be terminated in the same manner and subject to the same requirements as each CBA incorporated herein; however, in order for termination of this Agreement to coincide with termination of any CBA incorporated herein, the Employer must timely provide a separate written notice of termination to the Funds that satisfies the requirements of the applicable CBA. This Agreement will be deemed terminated, in toto, when a timely required notice has been provided by the Employer with respect to each CBA incorporated herein and the term of each CBA incorporated herein has expired without the CBA being renewed or otherwise extended.

14. **Necessary Authority.** The Employer and the Employer's agent signing on behalf of the Employer represent and warrant that: (a) the Employer's agent identified below has full power and authority to execute and deliver this Agreement; (b) this Agreement has been duly authorized, executed and delivered on behalf of the Employer; and (c) this Agreement constitutes a legal, valid and binding obligation of the parties hereto which is enforceable against the parties in accordance with its terms.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND. TO THE EXTENT THERE EXISTS ANY CONFLICT BETWEEN PROVISIONS OF THIS PARTICIPATION AGREEMENT AND ANY PROVISIONS OF THE COLLECTIVE BARGAINING AGREEMENT, THE PARTICIPATION AGREEMENT SHALL CONTROL.

EMPLOYER
Name of Business: H-2 Construction
Address: 2646 W Augusta
City/State/Zip Code: Chicago, IL 60622
Telephone: 773-407-4852
Authorized Signature
Title: V.P. - Operations
Date: 8/26/15

CENTRAL LABORERS' FUNDS
Authorized Signature
Title: Executive Director

LOCAL UNION
Territory in which Agreement signed: Local 393
Authorized Signature
Title: Business Manager
Date: 3-11-15

 RECEIVED SEP 10 2015

Revised January ___, 2015.

09/10/2015 08:27 FAX

15443

03/27/2015 12:48   3896922698          GPLDC                    PAGE 01/01

03/27/2016 10:10 FAX

B

7. The parties agree that nothing herein is intended to nor shall it be construed as creating recognition of or bargaining with a multi-employer bargaining unit other than those already recognized by the Local Union and limited to the geographical jurisdiction of the Local Unions.

8. This Agreement shall remain in full force and effect through April 30, 2017, and shall continue thereafter unless there has been sixty (60) days written notice, by registered or certified mail, by either party hereto of the desire to modify and amend this Agreement for negotiations. The EMPLOYER and the UNION agree to be bound by the area-wide negotiated contracts with the various Associations, incorporating them into this Memorandum of Agreement and extending this Agreement for the life of the newly negotiated contract, if not notified within the specified period of time.

9. The EMPLOYER acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The EMPLOYER further acknowledges receipt of a copy of the complete COLLECTIVE BARGAINING AGREEMENT.

IN WITNESS WHEREOF, and in consideration of the mutual promises of the parties hereto, and other good and valuable consideration, this Memorandum of Agreement was entered into this 26 day of Aug, 2015.

ACCEPTED:

LABORERS' LOCAL UNION NO. 393

Kevin Dale
(Business Manager)

M2 CONSTRUCTION
(Contractor Name)

(Signature)

RAY CALDERON
(Name & Title)

2646 W AUGUSTA
(Address)

CHICAGO IL 60622
(City, State & Zip Code)

773 407 4852
(Telephone Number)

GREAT PLAINS LABORERS' DISTRICT COUNCIL

Chas H Shuff
(Business Manager)

(Facsimile Number)

(Federal Employer Identification Number)

-3-


RECEIVED SEP 10 2015